UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE POWELL,<br><br>        Petitioner,<br><br>   v.<br><br>RAYMOND MADDEN,<br><br>        Respondent. | No. 2:17-cv-2031 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, seeks habeas relief pursuant to 28 U.S.C. § 2254[1] and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 2, 7, 9, 10). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the court shall grant petitioner's motion to proceed in forma pauperis. However, the undersigned shall also recommend that this action be summarily dismissed.

////

---

[1] The pleading filed by petitioner is an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255 which petitioner originally filed in the Ninth Circuit Court of Appeals. (See ECF No. 2). However, on September 29, 2017, the Ninth Circuit directed the matter to be transferred to this court and to be processed as a Section 2254 petition. (See ECF No. 1). Consequently, the court review the pleading as such herein.

1

## I. IN FORMA PAUPERIS APPLICATION

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. (See ECF Nos. 2, 7, 9, 10). Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

## II. RELEVANT FACTS

Petitioner, a state prisoner currently housed at California State Prison – Solano, alleges that his due process rights under the Fourteenth Amendment and his rights under California's Proposition 36 were violated when the state court declined to review his petition due to lack of jurisdiction. (See ECF No. 2 at 3-4). He asks that the court remand his case to state court "for further proceedings consistent with Prop. 36." (See id. at 5).

## III. STANDARD OF REVIEW

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court must also dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or that fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Rule 2(c) of the Rules Governing § 2254 Cases requires every habeas petition to: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground, and (3) state the relief requested. Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a petitioner must give fair notice of his claims by stating the factual and legal elements of each claim in a short, plain, and succinct manner. See Mayle v. Felix, 545 U.S. 644, 648 (2005) ("In ordinary civil proceedings . . . Rule 8 of the Federal Rules of Civil Procedure requires only 'a

short and plain statement . . . . Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement.") Allegations in a petition that are vague, conclusory, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. See, e.g., Jones v. Gomez, 66 F.3d 199, 204-205 (9th Cir.1995); James v. Borg, 24 F.3d 20, 26 (9th Cir.1994).

**IV.     DISCUSSION**

This petition should be summarily dismissed, as it fails to state a claim upon which relief may be granted. Further, it is plain on the face of the petition that petitioner is not entitled to receive relief in this court.

Petitioner states that he is currently serving a term of thirty-two years to life. (See ECF No. 2 at 2). At the core of this petition is petitioner's desire to have the state courts resentence him in light of Proposition 36, a state statute passed in November 2012. The statute permits select inmates who were sentenced under California's Three Strikes Law to be eligible for resentencing. See generally Cal. Penal Code § 1170.126. Petitioner contends that he is eligible for resentencing under the statute because, amongst other things, his convictions are old, and his record regarding his arrest and conviction dates is "grossly inadequate." (See ECF No. 2 at 3, 7-11, 15).

The state court decisions attached to the petition indicate that in September 2013, the Sacramento County Superior Court held that petitioner was not eligible for resentencing under California Penal Code § 1170.126. (See ECF No. 2 at 17-19, 25-27) (original state court decision and state court order denying motion for reconsideration). Citing to California Penal Code § 667(e)(2)(C)(iv)(IV), the lower court noted that this state statute made petitioner ineligible for resentencing because he has a prior conviction for murder, which is one of the violent or serious felonies that precludes eligibility for resentencing under Proposition 36. (See ECF No. 2 at 17-19). The record appears to indicate that the California appellate courts have summarily adopted the superior court's findings. (See id. at 29, 31) (state court of appeal and supreme court opinions).

////

1 | Federal habeas petitions must allege that a petitioner is in custody in violation of the
2 | Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a). Although
3 | petitioner alleges that his due process rights under the Fourteenth Amendment have been violated
4 | (see ECF No. 2 at 4), a review of the petition as well as the attachments provided indicates that
5 | petitioner is asking the court to review the California courts' decisions not to review his state
6 | petition – decisions which were based upon state jurisdictional grounds (see id. at 3-5, 7-31).
7 | Violations of right under the U.S. Constitution or under federal law were neither alleged by
8 | petitioner nor discussed by the superior court in the lower court proceedings. (See generally id. at
9 | 7-27).

A petitioner may not transform a state law issue into a federal one by merely asserting a violation of due process. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997); see also Easton v. Crossland Mortg. Corp., 114 F.3d 979, 982 (9th Cir. 1997) (stating federal question jurisdiction cannot be sustained where petitioner alleged state law claims which only incidentally referenced federal statute or constitution). A review of the petition and its attachments indicates that the superior court's decision to decline to review petitioner's petition requesting resentencing was wholly based upon state law grounds. (See ECF No. 2 at 17-18 (finding petitioner ineligible for resentencing under California Penal Code § 1170.126 due to his conviction of a homicide offense); see also ECF No. 2 at 25-26 (finding court had no jurisdiction in Section 1170.126 proceeding to consider petitioner's motion to strike prior conviction)). Because the instant petition asks this court to review state court decisions that are based upon state law grounds, the petition fails to state a claim upon which relief may be granted.

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." See also Mayle, 545 U.S. at 656 (citation omitted). In the instant case, it is plain from the petition and appended exhibits that petitioner is not entitled to federal habeas relief. Therefore, the petition should be summarily dismissed.

////

4

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 7) is GRANTED;

2. The Clerk of Court shall:

    a. Randomly assign a District Court Judge to this action, and

    b. Serve a copy of the petition filed in this case together with a copy of these findings and recommendations on the Attorney General of the State of California.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed for failure to state a claim upon which relief may be granted. See Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254; 28 U.S.C. § 1915(e)(2)(B)(ii).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See 28 U.S.C. § 2253(c)(2).

Dated: January 22, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.HABEAS/powe2031.156 summary dism

5